824 F.2d 980
 Unpublished disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Keith W. WARD, Petitioner,
v.
DEPARTMENT OF the NAVY, Respondent.
 Appeal No. 87-3047.
 United States Court of Appeals, Federal Circuit.
 June 16, 1987.
 
 Before FRIEDMAN and DAVIS, Circuit Judges, and NICHOLS, Senior Circuit Judge.
 FRIEDMAN, Circuit Judge.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board (Board), Docket No. SF315H8510365-1, dismissing the petitioner's appeal for lack of jurisdiction on the ground that the petitioner was a probationary employee who failed to establish that his removal was the result of discrimination due to marital status, is affirmed.
 
 OPINION
 
 2
 A. The petitioner was removed as a club manager with the Department of Navy (agency) for sexual harassment, condoning the practice of modifying time cards, and directing work to be done at a private establishment on government time.
 
 
 3
 As the petitioner concedes, at the time of his removal he was a probationary employee. See, e.g., Petitioner's Reply Brief at 4. A probationary employee terminated for post-appointment reasons may appeal to the Board only if his removal is the result of discrimination due to marital status or partisan politics. 5 C.F.R. Sec. 315.806(b).
 
 
 4
 The petitioner alleges that his removal was due to the fact that he was divorced. After a full hearing, however, the presiding official of the Board held that the petitioner had failed to provide plausible evidence supporting his allegations of marital status discrimination, and therefore dismissed the petitioner's appeal for lack of jurisdiction. This determination became the final decision of the Board when the Board denied review of the presiding official's decision.
 
 
 5
 B. Upon review of the record, we conclude that the Board's decision is supported by substantial evidence and is not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. Sec. 7703(c) (1982); Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984).
 
 
 6
 The petitioner bases his allegations of marital status discrimination on the claim that when other agency employees "committed acts of misconduct, they were immune from adverse action because they were married." See Petitioner's Brief at 20. Specifically, the petitioner alleges that Mr. Lou Legaire, a married club manager, had verbally abused a number of his employees but had not been removed from his position. The presiding official held, however, that the allegedly preferential treatment given to Mr. Legaire was probably due to the fact that he had done a number of favors for high-ranking military officers and that his daughter was engaged to an important general, rather than to the fact that Mr. Legaire was married while the petitioner was not. In his testimony, the petitioner admitted that it was probably Mr. Legaire's connections within the military that led to his allegedly more favorable treatment.
 
 
 7
 The petitioner also claims that a number of other agency employees who were married engaged in misconduct but were never disciplined. The presiding official noted, however, that the petitioner's allegations of misconduct by other employees were largely uncorroborated. Moreover, the petitioner admitted that a number of other managers had been transferred from their positions because of conduct or performance problems.
 
 
 8
 Lt. Col. David Pederson, the officer who made the decision to remove the petitioner, testified that he was unaware of the petitioner's marital status when he proposed the removal. Likewise, Mr. William Thomas, the club's director during part of the time during which the petitioner worked for the agency, testified that he had never failed to discipline an employee because of the employee's marital status and that he generally was unaware of the marital status of his employees.
 
 
 9
 The presiding official credited the testimony of Lt. Col. Pederson and Mr. Thomas, while finding that the petitioner's testimony was "uncorroborated and not credible." Ward v. Department of Navy, No. SF315H8510365-1, slip op. at 3 (March 6, 1986). Although the petitioner contends that the presiding official should not have done so, we will not overturn the credibility determinations of the presiding official who had the opportunity to hear the witnesses at the hearing and observe their demeanor. DeSarno v. Department of Commerce, 761 F.2d 657, 661 (Fed.Cir.1985).
 
 
 10
 C. The petitioner's brief is replete with statements asserting that the real reason for his termination was that other employees disliked him and resented his managerial style. The only issue before us, however, is whether the Board properly dismissed his appeal because he was a probationary employee. For the same reason, the petitioner's challenges to the Board's decision on the grounds that (1) the agency failed to show a nexus between the petitioner's conduct and the efficiency of the service, and (2) the penalty of removal was disproportionate to his misconduct, are not properly before us.